IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHEN LUSH,

                    Plaintiff,

         v.                                           OPINION and ORDER

MELANIE STIBICK, DEAN ANGER, DR. LESLIE              23-cv-380-wmc
GREENSPAN, and MICHELLE SCHWARTZ,

                    Defendants.

---

STEPHEN LUSH,

                    Plaintiff,

         v.                                           OPINION and ORDER

JORDAN MCGINNIS and KRISTEN LUCAS,                   23-cv-443-wmc

                    Defendants.

---

Plaintiff Stephen Lush filed two lawsuits in Dane County Circuit Court purporting to sue defendants Melanie Stibick, Dean Anger, Dr. Lesie Greenspan and Michelle Schartz in one case, and defendants Jordan McGinnis and Kristen Lucas in a second case. Because defendants Greenspan and Lucas are federal employees, the United States of America removed both civil actions under 28 U.S.C. § 2679(d)(2) and § 1442(a)(1).[1] At the same time, the United States filed notices of substitution in each case, along with certifications that the federal employee named in the respective lawsuit was working in their capacity as

---

[1] The provisions of the FTCA as a whole are found at 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

such at the time of the facts alleged in the complaints.  Finally, in each case, the United States then filed motions to dismiss.  ('380 case, dkt. #6; '443 case, dkt. #7.)

In numerous responsive motions and submissions, since plaintiff Lush's arguments keep changing; in certain submissions, he challenges the removal and insists he is entitled to judgment against the federal employee defendant; while in others he just asks that the court remand the claims against the non-federal employees; more recently, Lush filed a motion to dismiss with prejudice all claims in the '443 case and a notice of appeal in the '380.  Despite these confusing filings, this much is clear from the record:  removal was proper; the United States and its employees are entitled to dismissal of the claims against them in each case; and plaintiff Lush wishes to proceed with the remaining state-law claims, so the court will remand them back to state court to preserve those claims, should Lush wish to pursue them.

Finally, although unnecessary to resolve the pending motions, Lush has responded to the court's directive about uncivil, disrespectful language towards court personnel, parties and counsel to his cases and the various judges of this court with more disdain.  *See, e.g.*, Case No. 23-cv-537-wmc, dkt. #23.  Having repeatedly demonstrated his inability to litigate his numerous, other cases with even a bare minimum of civility, much less with any semblance of factual accuracy or legal merit, the court ends this opinion by dismissing Lush's remaining, pending federal lawsuits with prejudice and by imposing a filing restriction on his attempting to do so again.

2

OPINION

**A.  The '380 Case**

To begin, Lush the first captioned lawsuit in Dane County Circuit Court, naming defendants Melanie Stibick, Dean Anger, Michelle Schwartz, and Leslie Greenspan. Essentially, Lush alleges that:  Stibick committed battery and intentional infliction of emotional distress against him over two years ago by passing a fungal infection on to him and refusing to marry him; Anger committed negligent infliction of emotional distress by allowing Stibick's behavior; Schwartz invaded his privacy by disclosing his medical records and caused him emotional distress by calling the police on him; and Greenspan prescribed him a medication for his mental illness that caused him to become obese, as well as released his patient health care records to someone who used the information against him.

On behalf of defendant Greenspan, the United States removed this lawsuit to this court under 28 U.S.C. § 1442(a)(1) and 2679(d)(2), because at the time of the events Lush describes in his amended complaint, she was acting within the scope of her employment at the Department for Veterans Affairs and is eligible for coverage under the FTCA.  (Dkt. #1.)  Because the FTCA provides that plaintiff's exclusive remedy for his tort claim against Greenspan is to sue the United States, 28 U.S.C. § 2679(b)(1), the United States also filed a notice of substitution.  (*See* dkt. #4.)

Lush challenges the removal, contending that all defendants did not consent to removal; he is not bringing a tort claim against Greenspan, but a claim under HIPAA; he had requested default against Greenspan in state court; Greenspan was not his doctor, and she was not acting in her capacity as a doctor when she went to his residence and disclosed

his private health information; and the removal was untimely.   (Dkt. ##2-3, 11.) However, the removal was proper under the FTCA's removal provision.   Specifically, "[u]pon certification . . . that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commended upon such claim in a State court *shall* be removed without bond at *any time before trial*."   Thus, the only two requirements for removal of the FTCA claim here  were (1) certification that Greenspan was working within the scope of her federal employment at the time of the relevant incidents; and (2) the filing for removal occurred before trial.   § 2679(d)(2).[2]

The United States met both requirements here.   First, along with the notice of removal, the United States filed a certification from an Assistant United States Attorney that Greenspan was acting within the scope of her federal employment at the time of the incidents alleged by Lush.   (Dkt. #1-2.)   This certification "is conclusive for purposes of removal, i.e., once certification and removal are effective, exclusive competence to adjudicate the case resides in the federal court, and that court may not remand the suit to the state court."   *Osborn v. Haley*, 549 U.S. 225, 225-26 (2007).   Accordingly, although Lush appears to challenge whether Greenspan's actions were within the scope of her federal employment (apparently over a dispute as to whether Greenspan went to Lush's residence), the Assistant U.S. Attorney's certification is sufficient for removal purposes.   *Id.* at 245-47

---

[2]  In addition, a dispute over the scope of the claim does not affect the United States' ability to remove the FTCA claim to federal court.   *See Guerrero v. Alivio Med. Ctr., Inc.*, No. 03 C 2492, 2003 WL 21688240, at *1 (N.D. Ill. July 17, 2003).

("certification is proper when a federal officer charged with misconduct asserts, and the Government determines, that the incident or episode in suit never occurred"). Second, removal obviously occurred before trial in this case, and even though Lush had asked for entry of default against Greenspan in state court, default had *not* been entered.  Thus, the removal was proper.[3]

Next, the United States filed a notice to sever the claim against the United States, and remand the remaining state-law claims because there is no further basis to assert federal jurisdiction.  (Dkt. #5.)  Moreover, Lush agrees, asking that the court dismiss his claims against the remaining defendants without prejudice. Accordingly, the court will remand the remaining defendants, rather than dismiss them without prejudice, because plaintiff expressed his intent to pursue his claims against those defendants back in state court.

Finally, the United States filed a motion to dismiss for failure to state a claim upon which relief can be granted against it because Lush failed to exhaust his administrative remedies.  (Dkt. #6.)   Administrative exhaustion is a prerequisite for pursuing an FTCA claim.  Under 28 U.S.C. § 2675(a), "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  Only if denied or an agency fails to make a final disposition on the claim within six months of its filing, may a claim be deemed exhausted.  Receipt of an executed Standard Form 95 that includes a claim for

---

[3]  The United States also argues that the removal was proper under § 1442(a)(1), but I need not address that argument.

money damages in a sum certain for a personal injury satisfies § 2675(a)'s presentment of a claim requirement. 28 C.F.R. § 14.2(a).

Lush submitted a Standard Form 95 on February 9, and March 20, 2023, bringing negligence claims against Greenspan related to the prescribed drugs and medical information disclosure. Further, on March 17, the VA sent Lush a letter informing him that the VA had six months to investigate and resolve Lush's FTCA claims. When Lush filed this lawsuit on June 7, 2023, the VA had not yet resolved Lush's claims. Lush did not respond to this motion, much less dispute that he filed this lawsuit before the VA responded to his claims or six months passed. Because Lush brought his claims challenging Greenspan's conduct prematurely, the court will dismiss this claim without prejudice.

Lush has submitted several additional motions, letters and exhibits in the '380 case. (Dkt. ##31-40.) The court is summarily denying those motions because Lush filed them after the court's July 24, 2023, text-only order informing the parties that it would not consider further submissions unless otherwise directed. (*See* dkt. #30.) That said, the court has reviewed those submissions. Lush's requests are difficult to follow, but they boil down to this: he wants the court to dismiss his claims against defendants Stibick, Anger, and Schwartz, and maintain Greenspan as the sole defendant in federal court. However, Lush has not provided a basis to conclude that the court can excuse his failure to exhaust his administrative remedies.

Finally, Lush filed a notice of appeal the court's July 24, text-only order and a motion for leave to proceed *in forma pauperis* on appeal. (Dkt. ##41, 42.) Lush already purported to appeal this text-only order in his Case No. 23-cv-537-wmc, and the court

DENIED Lush leave to pursue an interlocutory appeal of that text-only order or proceed *in forma pauperis*.  *See Lush v. Bechler*, No. 23-cv-537-wmc, dkt. #23, at 3-4.  For the reasons already explained in that case, the court DENIES Lush leave to take an interlocutory appeal or proceed *in pauperis* as well.

In sum, the claim against Greenspan will be dismissed without prejudice, and Lush's remaining claims are remanded back to Dane County Circuit Court, both for lack of subject matter jurisdiction and his request.  Finally, the court will deny Lush's other motions, including his implicit request to pursue an interlocutory appeal and to proceed *in forma pauperis* on appeal, and will direct the clerk's office to enter final judgment and close this case.

## B.  The '443 Case

As explained, Lush initiated the second captioned lawsuit above in Dane County Circuit Court, suing defendants Kristen Lucas and Jordan McGinnis under Wisconsin law. In particular, Lush alleges that Lucas, a United States Postal Worker, called the police and falsely told them that he had committed a crime, and that Police Officer Jordan McGinnis then went to his residence and threatened to arrest him.

Like in the '380 case, the United States removed the '443 case to federal court and after filed a notice of substitution of the United States for Lucas because Lush's exclusive remedy is a claim against the United States under the FTCA, along with a certification that Lucas was working in her capacity as a federal employee at the time of Lush's allegations. Lush opposes the removal for similar reasons he opposes the removal of the '380 case.

Specifically, he contends that the FTCA does not apply because Lucas was not doing her job as a federal employee at the time she called the police. Lush also argues that McGinnis did not consent to the removal, and that claims in this case do not meet the requirements of diversity jurisdiction. However, the FTCA plainly applies to the '443 case as well; there is no dispute that Lucas was a federal employee; *and* the United States submitted a certification that Lucas was working in her capacity as a federal employee at the time she engaged in the conduct alleged in Lush's complaint. As explained above, that certification is conclusive for purposes of removal. Thus, the United States properly removed this lawsuit.

The United States also filed a motion to dismiss Lush's FTCA claim against Lucas on the ground he failed to state a claim upon which relief can be granted because the FTCA bars defamation claims against the United States. (Dkt. #7.) "The United States as sovereign is immune from suit unless it has consented to be sued," and the FTCA "provides a limited waiver of immunity" by creating "a cause of action for tort claims 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Lipsey v. United States*, 879 F.3d 249, 253 (7th Cir. 2018) (quoting 28 U.S.C. § 1346(b)(1)). However, the FTCA also expressly excepts from that limited waiver any claim arising from the intentional torts of libel or slander. 28 U.S.C. § 2680(h); *McDonnell v. Cisneros*, 84 F.3d 256, 261-62 (7th Cir. 1996).

The United States seeks dismissal under § 2680(h) because Lush's claim against the United States is premised on his allegations that Lucas committed "slander per se" by falsely accusing him of a crime. (*See* dkt. #1-1, at 4.) Although Lush filed numerous

submissions in which he asks the court to return this matter to state court in its entirety, he has not responded to the United States' motion to dismiss.  Instead, he maintains that the FTCA does not apply, and this court lacks jurisdiction over this case.  (*See* dkt. ## 2, 4, 10, 13, 14, 16, 19, 20, 27, 28.)  Again, however, for removal purposes, the certification that Lucas was working in her capacity as a federal employee at the time of the events in question is conclusive as to whether removal was appropriate.[4]  Finally, as for the remaining claim against McGinnis, the court again lacks subject matter jurisdiction.  Regardless, the parties appear to agree that it should be remanded back to state court, so the court will grant the United States' motion to sever and remand that claim.

## C.  Lush's Cases Going Forward

In addition to these two lawsuits, Lush now has seven other open matters in this court and counting.  In five of those cases, Lush is proceeding *in forma pauperis*, so the court is required to screen them under 28 U.S.C. § 1915(e)(2), and in the other two cases the court has taken the complaints under advisement for jurisdictional screening.  Although the court is dismissing these cases with prejudice as a sanction for the reasons that follow, it is worth noting that the court's cursory review of Lush's proposed pleadings indicates that his principal claims seek to:  obtain monetary damages or injunctions against state defendants,

---

[4]  Lush further insists that he is entitled to default judgment against Lucas.  (Dkt. #10.)  At the outset, his argument appears to be premised on a mistaken belief that because Lucas did not appear by a certain date in state court, Lush is entitled to default judgment without providing proof that a default was even entered.  More importantly, even if default judgment had been entered in state court, the United States' removal would still be appropriate because it occurred before trial.  Therefore, Lush's belief that he is entitled to judgment against Lucas here is mistaken, and the court will dismiss Lush's claim against the United States.

such as state court judges, Wisconsin Supreme Court justices and other state court officials, all of whom are fully or partially immune from suit in federal court; appeal or challenge state court rulings that are barred by the *Rooker-Feldman* doctrine; and challenge events surrounding his pending, state criminal charges.  In addition, Lush appears to group unrelated claims and defendants in the same lawsuits that, at minimum, violate Federal Rule of Civil Procedure 20.  Thus, even if allowed to proceed to initial review, substantial pleading and subject matter jurisdiction deficiencies are glaringly present across all of Lush's filings to date.

Regardless, on August 21, 2023, the court entered a text-only order in multiple cases, advising Lush that:  (1) it would not consider further pleadings because Lush was perpetually submitting new proposed complaints; (2) further uncivil or disrespectful comments in his myriad submissions would be met with dismissal of his lawsuits with prejudice and sanctions; and (3) he did not have the court's permission to take an interlocutory appeal in Case No. 23-cv-537-wmc.  *See Lush v. Bechler*, No. 23-cv-537-wmc, dkt. #23 (W.D. Wis.).

Disappointingly, Lush's responded to that order by being uncivil, disrespectful and harassing.  Rather than heed the court's warnings, Lush doubled down by filing a response in the '537 case characterizing the court's directive as a "fit of rage," conveying an ill-conceived plan to appeal his concerns to the United States Supreme Court to seek disbarment of both judges in this court.  *Id.*, dkt. #24.  Viewed on its own, this language could be construed as that of an unhappy litigant, but Lush did not stop there.  He also continued to barrage the court with filings, including sending emails to the clerk of court.  Also, in one of his appeals Lush sent a "draft" docketing statement to the Court of Appeals

for the Seventh Circuit with similarly disrespectful language about this court's judges, this time lodging outlandish accusations and a tacit threat against the clerk of this court.  *See Lush v. Bechler*, No. 23-2666, dkt. #4 (7th Cir., filed Aug. 24, 2023).  Further escalating his harassment, Lush sent that draft docketing statement *directly to the home* of the clerk of court, in an apparent effort to coerce him to issue summonses in his cases still under advisement for screening.

This court has the inherent authority to sanction any party for abuse of the litigation process.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991) (court may issue sanctions when party has "acted in base faith, vexatiously, wantonly, or for oppressive reasons") (quotations and citations omitted).  Although severe, "the sanction of dismissal is within the court's discretion."  *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008).  Even though a court typically warns a party to stop the offending behavior before dismissing a case, some conduct is so egregious that a warning is not necessary before dismissal.  *See Beasley v. Hicks*, No. 21-2317, 2022 WL 2828268, at *3 (7th Cir. July 20, 2022) (racial epithets, sexualized comments and threats of violence sufficient to warrant sanction of immediate dismissal).

The court warned Lush about his incivility, and the likely consequences of its being continued.  His demonstrated refusal to comply with the court's directive is reason enough alone to sanction him, but his harassment of a court officer will not be tolerated and demands swift and meaningful sanctions to deter further abuse of the judicial process and the judiciary.  Thus, the court will dismiss all of his cases under advisement for screening with prejudice.  In addition, the court will direct the clerk of court to forward to chambers

all future submissions from Lush for initial review before docketing.  The court will address only those submissions that might have plausible merit and have been presented in a respectful manner.  All court staff are directed to disregard any emails from Lush.

ORDER

IT IS ORDERED that:

1. The United States' notice of substitution in both cases ('380 case, dkt. #4; '443 case, dkt. #6) are ACCEPTED, and it is substituted for defendant Greenspan in the '380 case and defendant Lucas in the '443 case.

2. Plaintiff Stephen Lush's motions in Case No. 23-cv-380 to dismiss, for summary judgment, to return the case to Dane County, to expedite, to amend the case caption and for default judgment (dkt. ##2-4, 11, 20, 21, 26, 27, 29, 31, 33, 34) are DENIED as provided above, except as to remand of the non-federal claims to state court.

3. The United States' motions in Case No. 23-cv-380 to sever, remand and dismiss (dkt. ##5, 6) are GRANTED.

4. Lush's request for leave to take an interlocutory appeal in Case No. 23-cv-380-wmc (dkt. ##41, 42) are DENIED.

5. The court CERTIFIES that Lush's appeal in Case No. 23-cv-380-wmc is not taken in good faith for purposes of Federal Rule of Appellate Procedure 24(a)(3) and DENIES Lush leave to proceed in forma pauperis on appeal in that case.

6. Although this court has certified that Lush's appeal is not taken in good faith under Federal Rule of Appellate Procedure 24(a)(3), Lush is advised that he may challenge this finding pursuant to Federal Rule of Appellate Procedure 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Seventh Circuit, **within thirty (30) days of the date of this order**.  With that motion, he must include an affidavit as described in the first paragraph of Federal Rule of Appellate Procedure 24(a), along with (1) a statement of issues he intends to argue on appeal and (2) a copy of this order.

7. Lush's motions in Case No. 23-cv-443 for remand, summary judgment, to return the case to Dane County, to expedite and for enhanced damages (dkt. ##2, 4, 10, 13, 14, 16, 19) are DENIED.

12

8. The United States' motions in Case No. 23-cv-443 to sever and remand and to dismiss (dkt. ##5, 6) are GRANTED.

9. Lush's claims against defendants Stibick, Anger, and Schwartz in the '380 case are REMANDED to state court.

10. Lush's claim against defendant McGinnis in the '443 case is REMANDED to state court.

11. Case Nos. 23-cv-537, 23-cv-538, 23-cv-539, 23-cv-556, and 23-cv-557 are DISMISSED with prejudice as a sanction for his incivility and harassment of the Clerk of Court.

12. Going forward, the clerk of court is directed to forward to chambers any submissions received from Mr. Lush. The court will determine what steps to take, if any, with respect to those submissions.

13. All court staff are directed to disregard any emails from Lush.

Entered August 31, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

13